IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **KORTAVIUS LE'UNDRE GILCHRIST,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-CV-02027-TMP |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Kortavius Gilchrist's appeal from a final decision of the Commissioner[1] of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. (ECF No. 1.) After the parties consented to the jurisdiction of the United States magistrate judge, pursuant to 28 U.S.C. § 636(c), this case was referred to the undersigned. (ECF No. 16.) For the reasons below, the decision of the Commissioner is affirmed.

**I. FINDINGS OF FACT**

---

[1]Carolyn W. Colvin was the Acting Commissioner of Social Security at the time this action was filed. Therefore, she is named in the in the caption to this case. As of the date of this order, the Acting Commissioner of Social Security is Nancy A. Berryhill.

On May 31, 2012, Lisa Gilchrist applied for SSI on Kortavius Gilchrist's behalf under Title XVI of the Act, with an alleged onset date of November 19, 2007.[2] (R. 54.) The claimant ("Gilchrist"), who was born on September 1, 1998, was thirteen years old when his initial application for benefits was filed. (Id.) The Social Security Administration ("SSA") denied Gilchrist's application initially and upon reconsideration. (R. 83, 90.) At Gilchrist's request, a hearing was held before an Administrative Law Judge ("ALJ") on October 22, 2013. (R. at 95, 106.) On December 2, 2013, the ALJ issued a decision denying Gilchrist's request for SSI. (R. 21-33.) On January 27, 2015, the Appeals Council denied Gilchrist's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.) Gilchrist then appealed the ALJ's December 2 decision to this court. Subsequently, the Commissioner moved to remand the case to the ALJ for further consideration and the court granted the motion. (R. 407-410.)

Following remand, the ALJ issued a final decision on November 9, 2016, and again found that Gilchrist is not entitled to any benefits. (R. 368-382.) Gilchrist turned eighteen years old before the ALJ issued this decision. As a result, the ALJ analyzed

---

[2]When the initial application was filed, Gilchrist was under eighteen years old; however, he turned eighteen before the ALJ rendered a final decision. Therefore, Gilchrist himself (not his

whether Gilchrist was disabled under Section 1614(a)(3)(C) of the Act from Gilchrist's alleged onset date until August 31, 2016, which was the day before his eighteenth birthday. The ALJ then analyzed whether Gilchrist was disabled under Section 1614(a)(3)(A) of the Act for the period following Gilchrist's eighteenth birthday.

Under the Section 1614(a)(3)(C) analysis, the ALJ initially found that Gilchrist has not engaged in substantial gainful activity since he filed his application for SSI. (R. 373.) At step two, the ALJ found that, prior to Gilchrist's eighteenth birthday, Gilchrist had the following severe impairments: "attention deficit hyperactivity disorder, oppositional defiant disorder, and borderline intellectual functioning." (Id.) Accordingly, the ALJ's analysis proceeded to step three where he concluded that:

> Before attaining age 18, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1, Part A or B [(the "listings")].
>
> . . . [And] [b]efore attaining age 18 the claimant did not have an impairment or combination of impairments that functionally equaled the listings.

(Id.) In making this determination, the ALJ made the following findings as it relates to the six domains of function: before

---

mother) brings the instant action.

attaining age eighteen the claimant had 1) less than a marked limitation in acquiring and using information (R. 376); 2) less than a marked limitation in attending and completing tasks (R. 377); 3) a marked limitation in interacting and relating with others (R. 378); 4) no limitation in moving about and manipulating objects (R. 379); 5) less than a marked limitation in the ability to care for himself (Id.); and 6) no limitation in health and physical well-being (R. 380). The ALJ therefore concluded that "[b]ecause the claimant did not have an impairment or combination of impairments that met, medically equaled any listing or functionally equaled the listing, the claimant was not disabled prior to attaining age eighteen." (Id.)

As for Gilchrist's Section 1614(a)(3)(A) claim, the ALJ found that Gilchrist continued to have the same severe impairments that he had prior to turning eighteen years old. (Id.) However, the ALJ found that Gilchrist did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments contained within the listings. (Id.) The ALJ then concluded the Gilchrist maintains the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional level but with the following nonexertional limitations: limited to simple, routine, and repetitive tasks and occasional contact with coworkers, supervisors, and the general public.

-4-

(R. 381.)  After discussing the basis for this RFC, the ALJ proceeded to step four and concluded that Gilchrist had no past relevant work.  (Id.)  As a result, the ALJ's analysis advanced to step five where he stated that:

> considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

(Id.)  Accordingly, the ALJ concluded that Gilchrist was not disabled and was therefore not entitled to benefits.  Gilchrist did not file exceptions to the ALJ's decision with the Appeals Council; and, as a result, the ALJ's decision became the final decision of the Commissioner on the sixty-first day following the day that the ALJ rendered his decision.  See 20 C.F.R. § 416.1484.

Gilchrist filed the instant action on January 13, 2017, seeking review of the ALJ's decision.  (ECF No. 1.)  In his appeal, Gilchrist raises two arguments.  Gilchrist initially argues that the "ALJ erred by failing to find Plaintiff had marked limitations in the domains of acquiring and using information and attending and completing tasks."  (ECF No. 20 at 8.)  This first argument applies to Gilchrist's claim under Section 1614(a)(3)(C) of the Act.  Gilchrist's next argument relates to his Section 1614(a)(3)(A) claim.  In this regard, Gilchrist argues that the ALJ's RFC determination is unsupported by substantial evidence "because there

is no evidence in the record assessing Plaintiff's ability to work." (Id. at 16.)

## II. CONCLUSIONS OF LAW

**A.  Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Three-Step Analysis**

Section 1382c(a)(3)(C)(i) of the Act states that:

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. 42 U.S.C. § 423(d)(5)(a); Lowery v. Comm'r, Soc. Sec. Admin., 55 F. App'x 333, 341 (6th Cir. 2003).

A child's entitlement to social security benefits is determined by a three-step sequential analysis set out in the Social Security Regulations. See 20 C.F.R. § 416.924. First, the child must not be engaged in substantial gainful activity. See 20 C.F.R. § 416.924(b). Second, a finding must be made that the child suffers from a medically determinable severe impairment. See 20 C.F.R. § 416.924(c). In the third step, the ALJ determines whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1. See Peck o/b/o A.M. v. Comm'r of Soc. Sec., No. 114-CV-01252-STA-DKV, 2017 WL 4074613, at *2 (W.D. Tenn. Sept. 14, 2017). If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's

impairment does not meet or equal a listed impairment, the ALJ must find that the child is not disabled. See 20 C.F.R. § 416.924(d).

**C. The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[3] 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is

---

[3]The five-step analysis is applicable to social security claims brought by claimants who are eighteen and older. Because Gilchrist turned eighteen before the ALJ issued his decision, the ALJ also considered whether Gilchrist was disabled (since his eighteenth birthday) under the five-step analysis.

on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the

analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**D. Whether Gilchrist's Impairments are "Functionally Equal" to a Listed Impairment**

A child's functional equivalency is assessed in terms of six domains: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A child's impairment is "functionally equal" to a listed impairment "if the child has an extreme limitation in one area of functioning or a marked limitation in two areas of functioning." See Millen v. Astrue, No. 2:13-cv-02148-JPM-cgc, 2016 WL 2894927, at *3 (W.D. Tenn. May 18, 2016) (quoting Miller ex rel. Devine v. Comm'r of

-11-

Soc. Sec., 37 F. App'x. 146, 148 (6th Cir. 2002)); 20 C.F.R. § 416.926a(a). 20 C.F.R. §416.926a(e)(2), in part, provides the following definition of a marked limitation:

> (i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.
>
> (ii) If you have not attained age 3, we will generally find that you have a "marked" limitation if you are functioning at a level that is more than one-half but not more than two-thirds of your chronological age when there are no standard scores from standardized tests in your case record.

Gilchrist argues that the ALJ erred by failing to find that Gilchrist had a marked limitation in the domains of 1) acquiring and using information; and 2) attending and completing tasks. While the ALJ did not find a marked limitation in either of those domains, he did find that Gilchrist had a marked limitation in the domain of interacting and relating with others. (ECF No. 20 at 10-16.) Thus, reversal is required if either of Gilchrist's arguments has merit.

1. Acquiring and Using Information

"The domain of acquiring and using information concerns a

child's ability to acquire or learn information, and to use the information she has learned." Trammell v. Comm'r of Soc. Sec., No. 1:13-cv-794, 2015 WL 1020221, at *3 (S.D. Ohio Mar. 9, 2015). "A child must 'be able to use language to think about the world and to understand others and express [himself]; e.g., to follow directions, ask for information, or explain something.'" Dodson ex rel. S.L.S. v. Comm'r of Soc. Sec., No. 1:11-cv-332, 2012 WL 1831844, at *4 (S.D. Ohio May 18, 2012) (quoting 20 C.F.R. § 416.926a(g)(1)(ii)). "School age children should be able to learn to read, write, do math, discuss history and science, and use skills in daily living situations at home and in the community." Kelley v. Comm'r of Soc. Sec., No. 1:14-cv-1009, 2016 WL 7477567, at *5 (W.D. Tenn. Dec. 29, 2016).

In making the determination that Gilchrist had less than a marked limitation in the domain of acquiring and using information, the ALJ stated:

> Social Security regulation 20 C.F.R. 416.926a(g)(3) sets forth some examples of limited functioning in this domain that children of different ages might have. The examples do not apply to a child of a particular age; rather, they cover a range of ages and developmental periods. In addition, the examples do not necessarily describe "marked" or "extreme" limitation in the domain. Some examples of difficulty children could have in acquiring and using information are: (i) does not understand words about space, size, or time . . . (ii) cannot rhyme words or the sounds in words; (iii) has difficulty recalling important things learned in school yesterday; (iv) has difficulty solving mathematics questions or computing arithmetic answers; or (v) talks only in short, simple

-13-

> sentences, and has the difficulty explaining what he means.
>
> *Before attaining age 18, the claimant had less than marked limitation in acquiring and using information.* No limitation in this area was observed during the mental status examinations of both consultative examinations. However, the undersigned finds that a less than marked limitation is warranted, given the claimant's borderline intellectual functioning and poor performance in school.

(R. 376-77) (emphasis in original). Gilchrist argues that the ALJ erred by failing to find that Gilchrist has a marked limitation in the domain of acquiring and using information. (ECF No. 20 at 10.) Much of Gilchrist's argument centers around his contention that the ALJ erred in giving the opinion of Susan Mathis, APN, minimal weight. Mathis, who is an advanced nurse practitioner, is not an acceptable medical source. See Brown v. Comm'r of Soc. Sec., 591 F. App'x 449 (Mem), 451 (6th Cir. 2015) ("A nurse practitioner is not an acceptable medical source, but rather falls in the category of other sources."). "The ALJ enjoys broad discretion in evaluating the opinions of non-acceptable medical sources." Davidson v. Comm'r of Soc. Sec., No. 2:16-cv-0102, 2018 WL 4690962, at *5 (M.D. July 20, 2018). Although Mathis found that Gilchrist had a marked limitation in the domain of acquiring and using information, the ALJ properly exercised his broad discretion in assigning Mathis's opinion little weight. Specifically, the ALJ offered the following discussion of Mathis's opinions:

> [T]he November 2012 opinion of treating therapist [sic]

> Susan Mathis is given little weight, as her opinion is
> not supported by the treatment notes or other evidence of
> record. Ex. B8F. Likewise, the April 2013 opinion of Ms.
> Mathis is also given little weight because treatment
> notes do not document marked limitation in acquiring and
> using information or in attending and completing tasks.
> Ex. B9F.

(R. 375.) Accordingly, the court concludes that the ALJ did not err when he discounted Mathis's opinion.

Gilchrist also argues that because he performed poorly in school and was placed in a special education program, the ALJ should have found that Gilchrist has a marked limitation in the domain of acquiring and using information. (ECF No. 20 at 12-14.) The court rejects this argument. While the evidence cited by Gilchrist could aid in establishing that he had a marked limitation in that domain, there is no requirement that an ALJ must find a marked limitation because of that evidence. In addition, the ALJ did not ignore evidence of Gilchrist's school performance. To the contrary, the ALJ utilized this evidence to conclude that Gilchrist has some limitation, but less than a marked limitation, in the domain of acquiring and using information. (See R. 377) ("However, the undersigned finds that a less than marked limitation is warranted, given the claimant's borderline intellectual functioning and poor performance in school."). In sum, the court concludes that the ALJ's determination that Gilchrist has less than a marked limitation in acquiring and using information was proper because it

was supported by substantial evidence (including the reports of Michael Guinle, Ph.D. and Dr. Hugh Moore).

2. Attending and Completing Tasks

Next, Gilchrist argues that the ALJ erred by failing to find that Gilchrist has a marked limitation in the domain of attending and completing tasks. (ECF No. 20 at 14-16.) Gilchrist essentially repeats the identical arguments he made in relation to the domain of acquiring and using information. The court rejects those arguments for the same reasons stated above. Moreover, the ALJ concluded that Gilchrist has less than a marked limitation in the domain of attending and completing tasks based on Gilchrist's "mental status examinations [by] both consultative examin[ers]." (R. 377.) The ALJ ultimately found that a "less than marked limitation is warranted, given the claimant's borderline intellectual functioning and poor performance in school." (Id.) The court concludes that this determination is supported by substantial evidence.

**E. Whether the ALJ Erred When Making the RFC Determination**

RFC "is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating [an RFC],

the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider both objective medical evidence of a severe medical condition and the credibility of the claimant's subjective complaints. See Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

The "Social Security Act instructs that the ALJ — not a physician — ultimately determines a claimant's RFC." Coldiron v. Comm'r of Soc. Sec., 291 F. App'x 435, 439 (6th Cir. 2010); see also Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.") (internal quotation marks and citation omitted); Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a claimant's residual functional capacity to work, ultimate

responsibility for capacity-to-work determinations belongs to the Commissioner."); Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004) (stating that under the SSA regulations, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [her] residual functional capacity'" (quoting 20 C.F.R. § 416.920(a)(4)(iv))).

Here, the ALJ found that Gilchrist maintains the RFC to:

> perform a full range of work at all exertional level but with the following nonexertional limitations: limited to simple, routine, and repetitive tasks and occasional contact with coworkers, supervisors, and the general public.

(R. 381.) Gilchrist primarily argues that the ALJ erred because this RFC determination was not based on any medical opinion. However, the Sixth Circuit has recently rejected this argument. In Mokbel-Aljahmi, 732 F. App'x at 401, the Sixth Circuit stated:

> Finally, Mokbel-Aljahmi notes that, in assessing his residual functional capacity, the ALJ gave no weight to nearly all the physicians' opinions regarding Mokbel-Aljahmi's ability to stand, walk, or reach, finding them inconsistent with the physicians' own notes. Mokbel-Aljahmi contends that once the ALJ decided to give no weight to the physicians' opinions regarding his ability to work, the ALJ was required to get the opinion of another physician before setting the residual functional capacity. *We disagree. We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.* See Shepard v. Comm'r of Soc. Sec., 705 F. App'x. 435, 442–43 (6th Cir. 2017) (rejecting the argument that "the ALJ's [residual functional capacity]

-18-

> lacks substantial evidence because no physician opined that [the claimant] was capable of light work"); Rudd v. Comm'r of Soc. Sec., 531 F. App'x. 719, 728 (6th Cir. 2013) (rejecting the same argument because "the ALJ is charged with the responsibility of determining the [residual functional capacity] based on her evaluation of the medical and non-medical evidence"). We similarly find no error here. The ALJ undertook a laborious evaluation of the medical record when determining the residual functional capacity, and substantial evidence supports the ALJ's conclusions.

(emphasis added); see also Hockey v. Comm'r of Soc. Sec., No. 1:17-cv-796, 2018 WL 3737945, at *1 (W.D. Mich. Aug. 7, 2018) ("Plaintiff also repeats her original argument that the RFC must be based on at least one medical opinion unless the medical evidence on the record shows relatively little physical impairment. Plaintiff asserts that a medical opinion should be required in this case because two examining physicians determined that she was disabled. However, as the Commissioner notes in response, the Sixth Circuit recently rejected this argument in Mokbel-Aljahmi."). Therefore, the court rejects Gilchrist's argument that the ALJ erred by not basing the RFC determination on the opinion of a medical expert.[4]

### III. CONCLUSION

---

[4] In a related argument, Gilchrist argues that the ALJ's RFC determination is unsupported by substantial evidence because the record lacked any medical evidence that would enable an ALJ to make an RFC determination. However, as the Commissioner correctly emphasizes in his brief, "the claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x

For these reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

March 25, 2019  
Date

---

419, 425 (6th Cir. 2013).